## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHELLE A. FERRELL,

       Plaintiff,

    v.

MARCIA L. FUDGE,

       Defendant.

Civil Action No. 21-01412 (CKK)

## MEMORANDUM OPINION

Plaintiff Michelle A. Ferrell, appearing *pro se* and *in forma pauperis* ("IFP"), sues her former employer, the Secretary of the United States Department of Housing and Urban Development ("the Secretary" and "HUD"). *See generally* Complaint ("Compl."), ECF No. 1. Ferrell is suing the Secretary for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-16 *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the Rehabilitation Act of 1973[1] ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq. See* Compl. at 1–2, 4–5. Before the Court is the Secretary's Motion to Dismiss ("MTD"), ECF No. 16, pursuant to Federal Rule 12(b)(6)[2] in full, for failure to meet

---

[1]    Ferrell also cites to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, *see* Compl. at 2, but "the 'ADA does not apply to employees of the federal government because the federal government is not considered an 'employer' under the ADA.'" *Ahmed v. Napoliano*, 825 F. Supp. 2d 112, 115 (D.D.C. 2011) (quoting *Klute v. Shinseki*, 797 F. Supp. 2d 12, 17 (D.D.C. July 12, 2011); citing 42 U.S.C. § 12111(5)(B)(i) (specifically excluding "the United States" from the definition of "employer")). Federal employees shall exclusively rely on the Rehabilitation Act in raising claims for discrimination based on disability. *See id.* (quoting *Woodruff v. Peters*, 482 F.3d 521, 526 (D.C. Cir. 2007); citing 29 U.S.C. § 791(g); 42 U.S.C. § 12112(a)).

[2]    The Secretary also mentions Federal Rule 12(b)(1), *see* MTD at 1, but then presents no arguments thereunder.

minimal pleading standards, *see* MTD at 1–6 (also citing Federal Rule 8(a)), and in part, for failure to exhaust administrative remedies, *see id.* at 6–9.  For the reasons explained below, the Court will grant the Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

## I.  BACKGROUND

### Administrative History

Ferrell filed two Informal EEO Complaints against HUD sometime in 2016, *see* Compl. at 3.  She then filed Formal Complaint No. HUD-00031-2017 ("Claim No. 31"), on March 7, 2017, and Formal Complaint No. HUD-00022-2017 ("Claim No. 22") at some unknown time, *see* MTD Exhibit B (EEOC Decision in Appeal No. 2019005695) at 2; Errata ("Err."), ECF No. 26, at 16. Neither the Informal nor Formal Complaints were submitted to this Court.

Claim Nos. 31 and 22 were each assigned to an Administrative Law Judge ("ALJ").  *See* Compl. at 3; MTD Ex. B at 3; Err. at 1, 16–17.  On June 12, 2019, the ALJ issued a Notice of Intent to Issue Summary Judgment ("Notice Email").  *See* MTD Ex. B at 3–5; Err. at 16; Err. Ex. 12 (Emails b/t Ferrell and ALJ), ECF No. 26-12.  The ALJ sent that Notice, in which he ordered both parties to submit briefing, via email only.  On July 3, 2019, having received no response from Ferrell, the ALJ entered summary judgment for HUD ("Summary Decision"), as to both Claims. *See id.*  The ALJ's Summary Decision was mailed to the parties.  *See* MTD Ex. B at 3.  This Court has not received the Notice Email, the ALJ's Summary Decision, or any related mailing or tracking information.

 On July 17, 2019, HUD issued a Final Order ("Final Order No. 31"), adopting the ALJ's Summary Decision, but *only* as to Claim No. 31.  *See id.* at 1, 3.  Neither Final Order No. 31 nor any associated mailing or tracking information has been submitted to this Court.

Meanwhile, on July 31 and August 1, 2019, after receiving the ALJ's Summary Decision

by mail, Ferrell emailed the ALJ, stating that she never received the Notice Email and was therefore unaware that her Claims were at risk for summary judgment. *See* Err. Ex. 12. She requested that the ALJ reopen both of her Claims for reconsideration, and she also asked that Claim Nos. 31 and 22 be treated separately, rather than "bulked together." *Id.* The ALJ responded by providing a copy of the Notice Email and declined to reconsider the Claims, instead referring Ferrell to the appeal instructions attached to his Summary Decision. *See id.*

Then, on August 6, 2019, HUD issued another Final Order ("Final Order No. 22"), adopting the ALJ's Summary Decision as to Claim No. 22. *See* MTD Ex. A (EEOC Decision in Appeal No. 2019005800) at 1. Neither Final Order No. 22 nor any associated mailing or tracking information was submitted to this Court.

Although the timeline is disputed, Ferrell appealed both HUD's Final Order Nos. 31 and 22, *see id.*; Compl. at 3–4; MTD Ex. B at 1; Err. at 1, 15–17, and upon receipt, the EEOC treated Ferrell's two Appeals separately, *see generally* MTD Exs. A–B; Compl. at 15–17.

Appeal No. 2019005695 (Hearing No. 450-2018-00041X; Final Order/Claim No. HUD-00031-2017)

On May 24, 2021, the EEOC affirmed HUD's Final Order No. 31, implementing the ALJ's findings. *See* MTD Ex. B at 5–8. The EEOC noted that Ferrell apparently received Final Order No. 31 by mail on July 25, 2019. *See id.* at 1, 3. According to the EEOC, she then filed that Notice of Appeal—No. 2019005695—on August 24, 2019. *Id.* at 1 (citing 29 C.F.R. § 1614.403(a)). The EEOC next found that HUD failed, despite its burden, to submit "documentation regarding delivery of the final decision, aside from providing the tracking number associated with the final decision package." *See id.* at n.2. Because this information was unavailable, and because HUD did not contest the issue, the EEOC deemed Appeal No. 2019005695 timely. *Id.*

Second, the EEOC found that the ALJ entered his Summary Decision without providing Ferrell adequate notice. *See id.* at 5 (citing 29 C.F.R. § 1614.109(g)(3); *Complainant v. Dep't of Commerce*, EEOC Appeal No. 01A04453 (March 14, 2002)). Notwithstanding, the EEOC found that this error was ultimately harmless because Ferrell still failed to show that there was a genuine dispute of material fact, and therefore, summary judgment was still appropriate. *See id.* On February 17, 2021, the EEOC denied Ferrell relief upon reconsideration. *See* Compl. at 7; Compl. Ex. 2 (EEOC's Reconsideration Opinion in No. HUD-00031-2017), ECF No. 1-2.

Appeal No. 2019005800 (Hearing No. 450-2018-00047X; Final Order/Claim No. HUD-00022-2017)

On October 15, 2020, the EEOC dismissed Ferrell's Appeal—No. 2019005800— of Final Order No. 22, as untimely. *See* MTD Ex. A at 1. Ferrell stated in her Notice of Appeal (a copy of which was not submitted to this Court) that she received Final Order No. 22 on August 8, 2019. *See id.* According to the EEOC, Ferrell's deadline to file an appeal ran 30 days later, September 8, 2019, a Sunday, so Ferrell was afforded until the next business day, September 9, 2019. *See id.* (citing 29 C.F.R. §1614.403(c)). The EEOC found that Ferrell faxed her Notice of Appeal on September 10, 2019, one day late. *See id.* Based on these findings, the Secretary now argues that Appeal No. 2019005800 was improperly exhausted. *See* MTD at 7.

In response, Ferrell contends that she mailed Notices of Appeal in mid-August, as to *both* Final Order No. 22 and Final Order No. 31, together in the same envelope, and that both Notices of Appeal were received by the EEOC's Office of Field Operations ("OFO") on or about August 20, 2019. *See* Compl. at 3; Err. at 15–16. Ferrell has not provided this Court copies of these Appeal Notices or any evidence of delivery. She also maintains that she received a letter from OFO confirming that both Notices of Appeal were received and docketed sometime in August,

*see* Err. at 16, but she has not submitted a copy of that letter to this Court.

Ferrell agrees with the Secretary that she faxed documents to the EEOC, however, she maintains that the fax was *not* a notice of appeal; it was a *supplement* to her previously (and timely) mailed Notices of Appeal.  *See* Compl. at 3–4.  She states that, after the OFO's receipt of her Notices of Appeal in August, she was given until September 20, 2019 to supplement her Claims, and that she faxed supplemental documentation on August 23, 2019 and September 9, 2019—but not on September 10.  *See id.* at 3.  In other words, she not only disagrees with the date of the fax at issue, but with the nature of that fax.  *See id.*; *see also* Err. at 15–16.

### **The Instant Matter**

Ferrell filed this matter on May 24, 2021.  Two days later, the matter was randomly assigned to this Court.  While the Court was in the process of serving Defendant, *see* Summonses Issued, ECF Nos. 3, 10; Returns of Service, ECF Nos. 8,11; *see also* 28 U.S.C. § 1915(d), it also issued an Order ("Oct. 15, 2021 Ord."), ECF No. 9, dismissing as defendants, the Chair of the EEOC and the Director of the OFO,[3] for failure to state a claim, *see id.* at 1–2 (citing *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam)).

After the Secretary filed the pending Motion to Dismiss, Ferrell was granted an extension and leave to file an opposition totaling no more than 68 pages (including exhibits), in excess of the Court's standing 45-page limitation, *see* Min. Ord. (citing Standing Order, ECF No. 6, at ¶10(A)). Ferrell filed an Opposition ("Opp'n"), ECF No. 24, on June 1, 2022, with supporting exhibits

---

[3]     Ferrell has filed a "Motion to Amend/Correct" ("MTA") ECF No. 28, the docket entry associated with the Secretary's Motion to Dismiss, ECF No. 16, because it originally listed the EEOC Chair and OFO Director as defendants, despite their dismissal from this case. The Court agrees that this is a misnomer and DIRECTS the Clerk of Court to modify the docket entry accordingly.  Consequently, Ferrell's Motion to Amend/Correct is DENIED as moot.  The Court, however, roundly rejects Ferrell's suggestion that this misnomer was an act of deception, *see* MTA at 2, finding that it was a harmless inaccuracy that had no practical effect on this matter whatsoever.

("Opp'n Exs."), ECF Nos. 24-1, 25, 25-1 through 25-3, altogether totaling 57 pages. Then, on June 30, 2022, Ferrell also filed an "Errata," that mostly replicates the Opposition, except it explains and corrects nominal "errors in her documents," and reattaches and reorganizes the Opposition's exhibits, *see* ECF Nos. 26-1 through 26-12. Although this Errata was filed without leave of Court, and totals 80 pages, exceeding even the expanded page-limit, the Court has nonetheless considered it. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that, where a plaintiff is proceeding *pro se*, a court must consider all of plaintiff's filings *in toto* when assessing a motion to dismiss).

## II.     LEGAL STANDARDS

### Failure to State a Claim

In evaluating a motion to dismiss for failure to state a claim, a court must "treat a complaint's factual allegations as true . . . and must grant a plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).

In order to survive a challenge to its sufficiency, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal,* 556 U.S. at 678–79, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss."

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In assessing a 12(b)(6) challenge, a court may ordinarily consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice," *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)), without converting the motion to dismiss into one for summary judgment, *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (citations omitted). This includes documents that are "referred to in the complaint and . . . central to the plaintiff's claim," even if they are produced by defendant in furtherance of a motion to dismiss. *See Solomon v. Office of the Architect of the Capitol*, 539 F. Supp. 2d 347, 349–50 (D.D.C. 2008) (citing *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999)), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002) (internal citations omitted); *see also Kruger v. Cogent Commc'ns, Inc.*, 174 F. Supp. 3d 75, 85 (D.D.C. 2016) (considering the plaintiff's EEO agency complaint incorporated by reference).

**<u>Failure To Exhaust</u>**

A motion to dismiss for a plaintiff's failure to exhaust Title VII or ADEA administrative remedies is "properly addressed as [a] motion[ ] to dismiss for failure to state a claim." *Scott v. Dist. Hosp. Partners*, 60 F. Supp. 3d 156, 161 (D.D.C. 2014), *aff'd,* 715 Fed. Appx. 6 (D.C. Cir.

2018), *cert. denied*, 139 S. Ct. 326 (2018), because a "failure to exhaust administrative remedies under the ADEA and Title VII is an affirmative defense, not a jurisdictional requirement[,]" *Koch v. Walter*, 935 F. Supp. 2d 164, 170 (D.D.C. 2013).

Conversely, the exhaustion requirement under the Rehabilitation Act is generally jurisdictional, and therefore, ordinarily reviewed under the standard set forth in Federal Rule 12(b)(1), if a plaintiff "fail[s] to file an administrative complaint or to obtain any administrative decision at all." *Doak v. Johnson*, 798 F.3d 1096, 1103 (D.C. Cir. 2015), *cert. denied*, 137 S. Ct. 33 (2016). "However, when a plaintiff allegedly fails to exhaust their administrative remedies due to a failure to comply with a regulatory requirement the defect is not jurisdictional, and therefore reviewed under the standard set forth in Rule 12(b)(6)." *Pearson v. Chao*, No. 17-1965, 2019 WL 1004040, at *3 (D.D.C. Feb. 28, 2019) (citing *Doak*, 798 F.3d at 1103)).

Here, the Secretary contends that Ferrell failed to exhaust Final Order No. HUD-00022-2017, because the associated Appeal—No. 2019005800, was untimely. *See* MTD at 6–9. It appears undisputed that Ferrell's associated Formal Complaint—Claim No. HUD-00022-2017—included Title VII and ADEA claims for discrimination and reprisal, *see id.* at 3; MTD Ex. B at 1, but despite Ferrell's contentions in the Complaint, *see* Compl. at  2, it does not appear that she ever formally raised a Rehabilitation Act claim, *see* MTD Ex. B at 2 n.3. Assuming *arguendo* that she did (for purposes of the exhaustion analysis only), because Ferrell filed a Formal Complaint, *see id.* at 1 (acknowledging Ferrell's "equal employment opportunity (EEO) complaint alleging employment discrimination"), and the alleged exhaustion defect arises from the dismissal of her Appeal as untimely under 29 C.F.R. §1614.403(c), *see id.*; *see also* MTD at 7, or in other words, due to a "regulatory requirement," *see Pearson*, 2019 WL 1004040, at *3, a 12(b)(6) standard

would nonetheless also apply to her alleged failure to exhaust a Rehabilitation Act claim, *see Doak*, 798 F.3d at 1103.

## III.    ANALYSIS

### Exhaustion of Claim/Final Order No. HUD-00022-2017 (Appeal No. 2019005800)

A claimant may appeal a final agency action "within 30 days of receipt of the dismissal, final action or decision." 29 C.F.R. § 1614.402(a); *see id.* § 1614.110 (governing final agency orders), 1614.403(c) ("If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.").

As discussed, the Secretary asserts that Ferrell's Notice of Appeal of Final Order No. 22 was faxed on September 10, 2019, and is therefore untimely by one day. *See* MTD at 7; MTD Ex. A at 1.  Ferrell contends that she timely filed Notices of Appeal as to both Final Orders by mail and that the OFO confirmed receipt of both on August 20, 2019.  *See* Compl. at 3; Err. at 15–16.

The Court has been provided with little to no supporting documentation, from either party, to prove or disprove the existence of the alleged August delivery and OFO's confirmation of receipt, or of the late-received fax.  Relevant here, and given the dearth of supporting evidence, "[w]hen a plaintiff takes a Title VII complaint to court before an administrative agency has made a merits determination . . . the government is not bound by the EEOC's adverse finding of timeliness, and the adverse finding is not entitled to deference." *Contreras v. Ridge*, 305 F. Supp. 2d 126, 131 (D.D.C. 2004) (collecting cases).  On the other hand, a plaintiff is generally afforded deference when facing a Rule 12(b)(6) challenge, *see Sparrow*, 216 F.3d at 1113, particularly at this early juncture, and moreover, the Secretary "bears the burden of pleading and proving" Ferrell's alleged failure to exhaust, *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).  Therefore, the Court finds in favor of Ferrell, deferring to her averment that she timely mailed the

Notices of Appeal as to both Claims after she received one or both of HUD's Final Orders.  *See* Compl. at 3; Err. at 15–16.

But even if Ferrell's Claim was untimely, the Court finds that she is alternatively entitled to equitable tolling here, due in large part to the logistical confusion surrounding HUD's handling of her Claims.  Ordinarily, a plaintiff's lawsuit is precluded unless she "file[d] h[er] administrative appeal with the EEOC within the thirty-day period prescribed by EEOC regulations[.]" *Miller v. Rosenker*, 578 F. Supp. 2d 67, 70–71 (D.D.C. 2008).  However, because "the administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit[,]" they function "like statutes of limitations," and "are subject to equitable tolling, estoppel, and waiver." *Fortune v. Holder*, 767 F. Supp. 2d 116, 120 (D.D.C. 2011) (quoting *Bowden*, 106 F.3d at 437).

Application of equitable tolling is solely within a court's discretion, *id.* at 119–21 (citing *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998)).  Equitable tolling is proper in circumstances "where a claimant has received inadequate notice[,]" *see Mondy v. Sec. of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988) (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)) (internal quotation marks omitted), including where a claimant has been "confused about the time limits[,]" *Starapoli v. Donahoe*, 786 F. Supp. 2d 384, 392 (D.D.C. 2011) (citing *Bowden*, 106 F.3d at 438); *see also Gantt v. Mabus*, 857 F. Supp. 2d 120, 128–29 (D.D.C. 2012) (finding that "[e]quitable tolling has been applied in limited situations, such as where a party, particularly one proceeding *pro se*, was misled about the running of a limitations period.") (collecting cases), *aff'd*, No. 12–5175, 2012 WL 5896962 (D.C. Cir. Oct. 18, 2012).

It is uncontested that Ferrell filed two separate Informal Complaints, and then two separate Formal Complaints. *See* Compl. at 3.  At some point after filing, and for reasons unknown, HUD and the ALJ began treating Ferrell's two Claims as one, although it does not appear that they were

ever formally consolidated. *See id.*; *see also* MTD Ex. B at 3–5; Err. at 1, 16–17; Err. Ex. 12. Indeed, the ALJ issued a *single* Summary Decision as to *both* Claim No. 22 and Claim No. 31. *See* MTD Ex. B at 3. Despite the ALJ's collective handling of the Claims, HUD then affirmed the ALJ's Summary Decision in *two different* Final Orders, issued on different dates. *See* MTD Ex. B at 1, 3; MTD Ex. A at 1. HUD and the ALJ may have had a perfectly valid reason for merging and separating Ferrell's Claims, but the Secretary offers no explanation. Agency complaint processes are difficult for a *pro se* claimant to navigate, and HUD's actions in this case exacerbated that difficulty.

It is also plausible that Ferrell reasonably believed that she had formally appealed either the ALJ's Summary Decision and/or the Final Orders, but that she failed to make clear that she was appealing both Claims, due to mutual misunderstandings. This is evidenced by her emails with the ALJ, in which Ferrell seeks, and does not obtain, clarification as to whether her Claims were still being treated collectively, and as to whether his Summary Decision was final, or alternatively, if there was yet additional action to come from the agency. *See* Err. Ex. 12.

Moreover, the Secretary "has not indicated that any prejudice resulted from the plaintiff's delay." *Starapoli*, 786 F. Supp. 2d at 393–93 (citing *Dougherty v. Barry*, 869 F.2d 605, 613 (D.C. Cir. 1989) (indicating that where a party has established a basis for equitable tolling, such as inadequate notice, the lack of prejudice to the opposing party is an equitable factor that is appropriate for consideration in deciding whether to toll the limitations period); *Strong-Fischer v. Peters*, 554 F. Supp. 2d 19, 25 (D.D.C. 2008) (same)).

Finally, the Court "does not find that the plaintiff's delay in this case was so lengthy that it indicated a lack of due diligence." *Starapoli*, at 786 F. Supp. 2d at 393 (citing *Battle v. Rubin*, 121 F. Supp. 2d 4, 8 (D.D.C. 2000) (equitable tolling requires a plaintiff to exercise due diligence)).

According to the Secretary, Ferrell filed her Notice of Appeal one day late.  *See* MTD at 7; MTD Ex. A at 1.  Although one day late is still late, there is no indication that Ferrell had otherwise been pursuing her administrative remedies anything but diligently. *See Koch v. Donaldson*, 260 F. Supp. 2d 86, 90–91 (D.D.C. 2003) (finding that the plaintiff, who had otherwise been pursuing his remedies diligently, was entitled to equitable tolling after faxing his administrative complaint to the EEOC one day late), *aff'd*, No. 03-5202, 2004 WL 758957 (D.C. Cir. Apr. 7, 2004).  For this reason, and all of the above stated reasons, Ferrell is alternatively entitled to equitable tolling.

### Sufficiency of the Complaint

The Court agrees with the Secretary, however, that Ferrell's Complaint is inadequate as pleaded.  *See* MTD at 6–9.  *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Iqbal*, 556 U.S. at 678–79; *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8(a) standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Additionally, "each allegation [in a pleading] must be simple, concise, and direct[,]" Fed. R. Civ. P. 8(d)(1), and Ferrell's allegations cannot be described that way.

The Complaint provides some facts but relies mostly on, at best, boilerplate allegations of discrimination and reprisal, with insinuations of a conspiracy orchestrated against her by HUD and the EEOC—an untenable contention.  *See, e.g.*, Compl. at 1–5.  The remainder of the allegations

focus on Ferrell's discontent with the administrative process, rather supporting any colorable claim for employment discrimination against HUD.

Indeed, the Complaint contains an introduction, *see id*. at 1–2, a background section, *see id.* at 3–5, and a request for relief, *see id.* at 5, but it contains no *claims* section.  It simply fails to present facts, including identities of the involved individuals, locations or times relevant, or other information essential to maintaining an employment discrimination claim.  The Court notes that "[w]hile such a *pro se* litigant must of course be given fair and equal treatment, [s]he cannot generally be permitted to shift the burden of litigating his case to the courts[.]" *Dozier v. Ford Motor Co*., 702 F.2d 1189, 1194 (D.C. Cir. 1983); *see also Roman v. National Reconnaissance Office*, 952 F. Supp. 2d 159, 163 (D.D.C. 2013) ("a *pro se* complaint must still meet the requirements of Fed. R. Civ. P. 8(a) to survive a Rule 12(b)(6) motion to dismiss").

When a complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C*., 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C*., No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp*., 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).  Ferrell's Complaint falls into this category.  Moreover, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]" Fed. R. Civ. P. 10(b), and the Complaint fails to uniformly follow this directive.

Ferrell has appended scant exhibits to her complaint, and those exhibits only shed light on the EEOC's summary decision at the reconsideration stage, and only as to Claim No. 22, *see*

Compl. Ex. 2; Compl. Ex. 1 (Partial Duplicate of Compl. Ex. 2), ECF No. 1-1, providing little to no substantive context or detail as to her actual claims. *See* D.C. LCvR 5.1(e) ("No complaint . . . shall have appended thereto any document that is not essential to determination of the action."). As discussed above, Ferrell fails entirely to submit, for example, her Agency Complaints, or the agency-level decisions, which would at least assist in fleshing out the substance of her intended claims. Although she later submitted voluminous documentation with her briefing, once again, these documents are unhelpful in creating a viable claim.

Ferrell's briefing in response to the Motion to Dismiss, however, provides additional facts and some level of detail regarding HUD's alleged discrimination and reprisal. *See, e.g.*, Err. at 3–21; *see* Opp'n at 2–19 (same). But where Ferrell's Complaint is wanting for information and detail, the Opposition and Errata are, by contrast, lengthy and digressive. Despite the additional details, the claims are still not entirely clear, and the intended causes of action and facts are still confusingly amalgamated and disorganized.

Most importantly, although these additional factual allegations provide some clarity regarding Ferrell's intended claims, a plaintiff may not amend her complaint nor assert new claims by way of a brief in opposition. *Kingman Park Civic Assoc. v. Gray*, 27 F. Supp. 3d 142, 162 n.10 (D.D.C. 2014); *Durand v. Dist. of Columbia*, 38 F. Supp. 3d 119, 129 (D.D.C. 2014) (finding that, the plaintiff, who recognized "the insufficiency of his Complaint," used "his Opposition to provide additional allegations to support his claim, presenting additional detail[,]" but those "factual allegations, included for the first time in an opposition to a motion to dismiss, [could not] save Plaintiff's Complaint."); *Perkins v. Vance-Cooks*, 886 F. Supp. 2d 22, 29 n.5 (D.D.C. 2012) ("It is settled law in this circuit that a plaintiff may not raise new allegations in this manner."); *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010) ("[P]laintiff failed to

include these allegations in [his] complaint, and plaintiff may not amend [his] complaint by the briefs in opposition to a motion to dismiss."), *aff'd*, 424 Fed. Appx. 10 (D.C. Cir. Jul. 6, 2011), *cert. denied*, 565 U.S. 1093 (2011); *College Sports Council v. Gov't Accountability Office*, 421 F. Supp. 2d 59, 71 n.16 (D.D.C. 2006) ("[T]he Court does not, and cannot, consider claims first raised in the plaintiff's opposition."); *Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 107 (D.D.C. 2004) (finding "impermissible" plaintiffs' "tactic" to implicitly amend the complaint by way of opposition by including supplemental facts that were "not at all alleged" in the complaint.); *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000)).  Because these new allegations, *see, e.g.*, Err. at 3–21; *see* Opp'n at 2–19 (same), are not included in the Complaint, the Court simply "cannot consider" them "in deciding the instant motion to dismiss[,]" *Arbitraje,* 297 F. Supp. 2d at 170, and the Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### Ferrell's Miscellaneous Allegations

Ferrell raises several unsubstantiated allegations against the Secretary, HUD, and counsel, that the Court must address.  First, Ferrell accuses HUD and the EEOC of working together to "tamper[] with her paperwork[,]" Err. at 15, and otherwise conspiring to commit wrongdoing during the administrative process, *see id.* at 9; Compl. at 2, 4; Err. Ex. 12, but these allegations are speculative and without merit.  The Court has already addressed some of these allegations, previously explaining to Ferrell that she does not have a private right of action against EEOC or its officials, *see* Oct. 15, 2021 Ord. (citing *Smith*, 119 F.3d at 34 (collecting cases); *Uberoi v. EEOC*, 180 F. Supp. 2d 42, 46 (D.D.C. 2001)), and strictly limiting the claims in this matter to

Ferrell's "employment discrimination claims against HUD[,]" *see* Oct. 15, 2021 Ord. at 1–2.

Second, Ferrell argues that HUD's participation in settlement discussions constitutes an admission of liability. *See* Err. at 2–3; Err. Ex. 1 (Documents Relating to Settlement Negotiations), ECF No. 21-1.; Opp'n Ex. 1 (same), ECF No. 24-1.  Rule 408 of the Federal Rules of Evidence provides that negotiations and offers of settlement are categorically inadmissible to prove liability. *See* Fed. R. Evid. 408(a); *see C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 318–20 (D.D.C. 2008) (same).

Last, Ferrell has filed a Response ("Resp."), ECF No. 29, to the Secretary's Notice of Substitution of Counsel ("NOS"), ECF No. 27, filed on October 31, 2022.  In the Response, she cites to Superior Court Civil Rule 101, *see* Resp. at 1, which is not a Federal Court Rule, and is thus inapplicable here.  Ferrell also challenges the Notice because the entering Assistant United States Attorney ("AUSA") signed the Notice, but neither the withdrawing AUSA nor the Secretary signed it.  *See id.*; *see also generally* NOS.  District of Columbia Local Civil Rule 83.6(b) discusses the inclusion of the withdrawing attorney and client's signatures on a "Withdrawal of Appearance," but here, the Secretary has instead filed a "Notice of Substitution."  *See* D.C. LCvR 83.6(a)–(b).  Given this distinction, and because the Court recognizes the specific and unique nature of the United States Attorney's collective representation of the interests of the United States (and its agencies and officials), the Court finds that (1) the government's consent to the substitution was implicit, and (2) any additional signatures would be superfluous.  *See id.*

Indeed, this exact issue has been unsuccessfully raised before in this District.  In *Truesdale v. DOJ,* No. 08-cv-01862 (PLF) (filed Oct. 29, 2008), the plaintiff repeatedly argued that the government's notices of substitution of counsel were defective pursuant to the D.C. Local Rules, and were otherwise "fraudulent," because the government defendants, and at times, the

withdrawing AUSAs, did not personally sign those notices, *see id*. at ECF Nos. 80–81 (Pl.'s First Mot. to Strike AUSAs' Not. of Sub. of Counsel; ECF No. 65); ECF No. 111 (Pl.'s Sec. Mot. to Strike AUSAs' Not. of Sub. of Counsel, ECF No. 109). The trial court denied relief, finding no defects in the government's notices of substitution. *See id*. at ECF No. 87 (Order Denying Pl.'s First Mot. to Strike); Minute Order (Dec. 15, 2011) (denying Pl.'s Sec. Mot. to Strike); *see also Truesdale v. DOJ*, No. 09-5215, 2009 WL 2251954, at *1 (D.C. Cir. Aug. 15, 2012) (affirming and finding that "[t]he district court . . . properly denied appellant's motion to strike because appellant offered no valid reason to challenge the substitution of counsel."), *cert. denied*, 569 U.S. 992 (2013); *see also Truesdale*, No. 08-cv-01862 at ECF No. 126 (Pl.'s Third Mot. to Strike AUSAs' Not. of Sub. of Counsel, ECF No. 123); *id*. at ECF No. 130 (Mem. Op. & Order Denying Pl.'s Third Mot. to Strike); *Truesdale v. DOJ*, 2012 WL 13098210, at *2 (D.D.C. Dec. 13, 2012) (same). Likewise, this Court finds no defect as to the Secretary's Notice of Substitution of Counsel, as it is without question that the Secretary consents to the substitution. Furthermore, at this juncture, with no trial date set, Ferrell is simply not entitled to weigh in on this issue, *see* D.C. LCvR 83.6(a)–(b), therefore, and her request to do so is denied.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Secretary's Motion to Dismiss, ECF No. 16, pursuant to Federal Rule 12(b)(6), and dismisses this matter **WITH PREJUDICE** for failure to state a claim upon which relief may be granted. Ferrell's Motion to Amend/Correct, ECF No. 28, is **DENIED AS MOOT**, and the relief sought by her Response, ECF No. 29, is **DENIED**. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
Date: February 16, 2023                          United States District Judge